# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Paul Scott Bennett, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 4:18-cv-02781-JMC |
| | ) |
| v. | ) |
| | ) ORDER |
| Capt. Marvin Nix and Lt. Kristy Leopard, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 84), filed on January 7, 2020. The Report addresses Plaintiff Paul Scott Bennett's suit under 42 USC § 1983 and recommends that the court grant Defendants' Motion for Summary Judgment (ECF No. 50). For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 86) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 50).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 84.) As a brief background, Plaintiff filed this civil rights action as a *pro se* pre-trial detainee against Defendants pursuant to 42 USC § 1983. In his Complaint, Plaintiff alleges that Defendants subjected him to unlawful conditions of confinement, provided insufficient medical services, unlawfully denied him access to his attorney, and failed to protect him from inmate violence. (ECF No. 1.) Specifically, Plaintiff claims that he was forced to sleep on the floor in the arraignment room with six other inmates and that Defendants refused a change of clothes and cleaning supplies despite his complaints about spider bites. (*Id.*)

1

Regarding his medical indifference claim, Plaintiff alleges that Defendants denied Plaintiff access to sexually transmitted disease testing "even though [he] was housed with an inmate who [is HIV positive]." (ECF No. 1.) Plaintiff further alleges that Defendants deprived him of medication and ignored his sick calls on multiple occasions. (*Id*.) Plaintiff also included an "access to attorney" claim in his Complaint, wherein he claims that Defendants purposefully granted him access to phones during times in which the Public Defender's office would not accept calls, in an effort to block access to his attorney. Finally, Plaintiff alleges that Defendants are failing to protect him notwithstanding his constant fear for his life and wellbeing because they have denied his requests for a safe house placement, which is away from the general population. Defendants filed their Motion for Summary Judgment (ECF No. 50) on March 27, 2019. (ECF No. 50.) Plaintiff filed his response on April 19. 2019. (ECF No. 69.) The Magistrate Judge issued her Report on January 7, 2020. The Report is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## III. DISCUSSION

The parties were advised of their right to file objections to the Report on January 7, 2020. (ECF No. 84-1.) Objections to the Report were due by January 21, 2020. (*Id*.) However, if a party

was served by mail or otherwise allowed under Fed. R. Civ. P. 6, objections to the report were due by January 24, 2020. (*Id.*) Neither party filed objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Report (ECF No. 84), and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 50).

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

February 7, 2020
Columbia, South Carolina